E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
HOLLY PAVLINSKI (Texas Bar No. 24110701)
Special Assistant United States Attorney
KATHERINE GORSKI (Michigan Bar No. P79101)
Special Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (830) 212-3233/(830) 212-3558
     Facsimile: (830) 703-2030
     E-mail:  holly.pavlinski@usdoj.gov
              katherine.gorski@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>MAHER FAKHOURY (3),<br><br>         Defendants. | No. CR 23-CR-247-SPG-(3)<br><br>GOVERNMENT'S RESPONSE TO MOTION FOR MODIFICATIONS OF CONDITIONS OF RELEASE |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Holly Pavlinski, hereby submit this Government's Response to Maher Fakhoury's Motion for Release on Bond.

**Procedural History**

After arrest and two full hearings on the matter of detention, one before and one after the Rule 5 transfer, Defendant was detained. (CDCA 2:19-MJ-02048-DUTY ECF 6; WDTX 2:19-CR-1169-AM-(3) ECF 145, 180) Defendant appealed to the then-assigned United States District Court

Judge Alia Moses, who denied Defendant's Motion for Bond. (WDTX 2:19-CR-1169-AM-(3) ECF 311). Defendant filed three subsequent motions for bond before bond was granted on June 29, 2023. (WDTX 2:19-CR-1169-AM-(3) ECF 340, 547; CDCA 2:23-CR-00247-SPG-(3) ECF 28, 69). Part of the conditions of bond that the Court found were necessary to overcome the presumption in this case were that Defendant be placed on location monitoring. (CDCA 2:23-CR-00247-SPG-(3) ECF 87).

**Standard of Review**

Pursuant to 18 U.S.C. § 3145, a party may file a motion seeking revocation or amendment of orders granting release or detention.

Where, as here, there is probable cause to believe that the defendant committed an offense under 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1)/(b)(1)(C) and 846, a rebuttable presumption exists that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

**Argument**

Government opposes modification of Defendant's bond. Removing the location monitoring location would no longer leave in place conditions or combinations of conditions that could ensure the safety of the community and Defendant's appearance in Court.

Two magistrate court judges and a district court judge have previously found detention was appropriate; only recently did this Court find conditions of bond with location monitoring would overcome the presumption of dangerousness and risk of flight.

Additionally, since the last bond hearing, the government has become aware of further information that Defendant is a risk of flight and a danger to the community. (See Exhibit A, Search Warrant,

Attachments, Return, and Affidavit in the District of Columbia, IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY GOOGLE LLC PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 1956, Case Number 20-sc-2077). Specifically, Defendant has indicated support for ISIS and Hamas, and had frequently travelled to Turkey and Jordan.

**Conclusion**

Government does not believe the proposed modification of conditions would ensure the safety of the community or the appearance of Defendant. The Government requests a hearing on Defendant's request to remove the condition of location monitoring.

Respectfully submitted,

DATED: May 16, 2024

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/ Holly Pavlinski
HOLLY PAVLINSKI
Special Assistant
United States Attorney